IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Newport News Division)

| | |
|---|---|
| **ALMAN INDUSTRIES, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SUPREME METAL SOLUTIONS, INC.,** )<br>Serve: Unisearch, Inc., Registered Agent )<br>  7288 Hanover Green Dr. )<br>  Mechanicsville, VA 23111 )<br>)<br>and )<br>)<br>**C.E.I. COMPOSITE MATERIALS, LLC** )<br>Serve: Unisearch, Inc., Registered Agent )<br>  7288 Hanover Green Dr. )<br>  Mechanicsville, VA 23111 )<br>and )<br>)<br>**NATIONWIDE MUTUAL** )<br>**INSURANCE COMPANY,** )<br>Serve: Corporation Service Company, )<br>  Registered Agent )<br>  100 Shockoe Slip, Fl. 2 )<br>  Richmond, VA 23219 )<br>)<br>**Defendants.** )<br>) | Civil Action No. _____ |

## COMPLAINT

Alman Industries, LLC ("Alman"), by and through its undersigned counsel, hereby brings this Complaint against Defendants Supreme Metal Solutions, Inc. ("SMS") C.E.I. Composite Materials, LLC ("CEI"), and Nationwide Mutual Insurance Company ("Nationwide") (collectively, "Defendants"), and in support thereof, states as follows:

**Parties**

1. Alman is a limited liability company organized and existing under the laws of South Carolina, with its principal place of business in Roebuck, South Carolina.

2. Defendant SMS is a corporation organized and existing under the laws of Michigan, with its principal place of business in Bridgewater, Michigan.

3. Defendants CEI is a limited liability company organized and existing under the laws of Michigan, with its principal place of business in Manchester, Michigan.

4. Defendant Nationwide is a corporation organized and existing under the laws of Ohio, with its principal place of business in Columbus, Ohio.

## Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391, and pursuant to the terms of the contract between Alman and SMS, because the construction project, which is the subject of this Complaint, is located in Hampton, Virginia.

## Background Facts

7. This matter stems from a construction project for the United States of America at the NASA Measurement Systems Laboratory, located at 2013 W. Taylor Road, Langley Research Center, Hampton, Virginia (the "Project").

8. The United States General Services Administration (the "Owner") is the owner of the Project.

9. On or about December 1, 2016, a contract was awarded to W.M. Jordan Company ("W.M. Jordan"), Contract No. GS03P17DXC0005, as the general contractor for the Project (the "Prime Contract").

10. W.M. Jordan awarded a subcontract to CEI to perform certain work on the Project as part of the Prime Contract (the "W.M. Jordan/CEI Contract").

11. As part of the requirements under the Prime Contract and/or the W.M. Jordan/CEI Contract, CEI, as bond principal, furnished a payment bond in the penal amount of Four Million, Eight-Hundred and Seven Thousand, Seven-Hundred Ninety-Four Dollars ($4,807,794.00) (the "CEI Payment Bond").

12. The CEI Payment Bond was duly accepted by the W.M. Jordan as Owner.

13. The surety on the CEI Payment Bond is Nationwide. Pursuant to the CEI Payment Bond, both CEI and Nationwide jointly and severally bound themselves to pay all persons or entities supplying labor, materials, and equipment for the Project. A copy of the CEI Payment Bond is attached as **Exhibit A**.

14. CEI retained SMS as a subcontractor to perform certain work on the Project as part of the Prime Contract.

15. In turn, SMS retained Alman to supply certain labor, materials and equipment for the Project as part of the Prime Contract, including the installation of aluminum composite wall panels, profile louvers, and Berridge M panels on the Project (the "Work"), pursuant to a Subcontract Agreement – Installation (the "Subcontract").

16. A true and accurate copy of the Subcontract is attached as **Exhibit B**.

17. In return for Alman furnishing the requisite Work for the Project, SMS agreed and was obligated to pay Alman pursuant to the Subcontract.

18. The total sum of the Subcontract was One Million, Six-Hundred Thirty-Six Thousand, Eight-Hundred Thirty-Two Dollars ($1,636,832.00).

19. During the course of the Work, SMS requested Alman perform additional work through the issuance of various Change Orders.

20. Alman performed its Work on the Project in accordance with the terms of the Subcontract.

21. Alman completed all of its Work in a timely, professional, and workmanlike manner.

22. The last date on which work was performed, or materials were provided by Alman to and/or for use on the Project was December 12, 2019.

23. Despite Alman's proper performance of its Work on the Project, SMS, CEI and Nationwide have failed and/or refused to pay Alman for the balance due and owing for the Project.

24. Alman provided CEI with notice of its claim, which was sent by U.S. certified mail, return receipt requested on or about February 7, 2020, and served by private process server on or about February 11, 2020. A true and accurate copy of the letter is attached hereto as **Exhibit C**.

25. Alman provided Nationwide with notice of its claim, which was delivered by U.S. certified mail, return receipt requested on or about February 17, 2020. A true and accurate copy of the letter is attached hereto as **Exhibit D**.

26. Notwithstanding Alman's notices to and demands on Defendants for payment, Alman remains unpaid for work performed and labor, materials, and equipment provided to the Project in an

amount no less than One Million, Nine-Hundred Forty-Five Thousand, Eight-Hundred Eighty-Nine Dollars, and 44/100 ($1,945,889.44).

27. The amounts demanded from SMS, CEI and Nationwide on the Project represent the fair and reasonable valuable, and agreed on price, for the labor and materials furnished by Alman on the Project.

28. Pursuant to Paragraph 1 of the First Addenda to the Subcontract, should it prevail in this litigation, Alman is entitled to its reasonable attorneys' fees, court costs, and other legal fees incurred.

## COUNT I – BREACH OF CONTRACT
### (Against SMS)

29. Paragraphs 1–28 are incorporated by reference as if fully set forth herein.

30. The Subcontract is a valid, binding, and enforceable contract between SMS and Alman.

31. Alman has fully performed its obligations and all conditions precedent to the right to payment have been satisfied or excused for the balance due to Alman under the Subcontract.

32. SMS has materially breached the Subcontract by failing to pay the amounts due and owing to Alman for the labor and materials provided by Alman to the Project.

33. As the proximate cause of SMS's material breach of the Subcontract, Alman has been damaged in the amount of One Million, Nine-Hundred Forty-Five Thousand, Eight-Hundred Eighty-Nine Dollars, and 44/100 ($1,945,889.44).

WHEREFORE, Plaintiff Alman Industries, LLC respectfully requests that the Court enter judgment in its favor against Supreme Metal Solutions, Inc. in the amount of $1,945,889.44, plus interest, attorneys' fees, costs and such other relief as the Court may deem just and equitable.

## COUNT II – PAYMENT BOND CLAIM
### (Against Nationwide and CEI)

34. Paragraphs 1–33 are incorporated by reference as if fully set forth herein.

35. Nationwide, on behalf of CEI, duly made, executed, and issued the CEI Payment Bond to secure payment to those persons or entities performing work and supplying labor and materials to the Project, including Alman.

36. At all times mentioned herein the CEI Payment Bond was in full force and effect.

37. Alman provided labor and/or materials to the Project as a subcontractor to SMS, pursuant to the Subcontract.

38. SMS, despite repeated demands, failed and refused to pay Alman One Million, Nine-Hundred Forty-Five Thousand, Eight-Hundred Eighty-Nine Dollars, and 44/100 ($1,945,889.44), which represents the balance due and owing for the labor and/or materials furnished by Alman in the prosecution of the Project.

39. This suit was commenced within one year from the day on which the last of the labor was performed or material was supplied by Alman.

40. Nationwide and CEI are jointly and severally liable under the CEI Payment Bond to pay Alman the sum of One Million, Nine-Hundred Forty-Five Thousand, Eight-Hundred Eighty-Nine Dollars, and 44/100 ($1,945,889.44), plus interest, attorneys' fees, and costs.

41. Alman has complied with all conditions precedent to its entitlement to enforce its payment bond action.

WHEREFORE, Plaintiff Alman Industries, LLC respectfully requests that the Court enter judgment in its favor against Nationwide Mutual Insurance Company and CEI Composite Materials, LLC in the amount of $1,945,889.44, plus interest, attorneys' fees, costs, and such other relief as the Court may deem just and equitable.

## COUNT III
### (Unjust Enrichment in the Alternative to Counts I & II)

42. In the alternative to Counts I and II, and except to the extent inconsistent with the relief requested in this Count, Alman incorporates by reference the allegations of paragraphs 1 through 7 as if fully set forth herein.

43. Alman provided labor, materials and equipment which improved the Project and increased the Project's value and/or the amount that SMS could recover from CEI and that CEI could recover from W.M. Jordan (the "Improvements").

44. At the time Alman started its provision of labor, materials and equipment for the Improvements to the Project, Alman could not have reasonably anticipated the magnitude or amount of the Improvements.

45. The parties' subcontract is of no effect as to the Improvements or the Improvements are not covered by any express contract because the Improvements were outside the scope of any contract, there was no agreement on the price for the Improvements, the compensation discussed was too indefinite, and/or there was a misunderstanding as to the price to be paid.

46. Alman conferred a benefit on CEI and SMS by providing the Improvements, with the reasonable expectation that Alman would be paid for the same.

47. CEI and SMS knew that Alman provided the Improvements and should reasonably have expected to compensate Alman for the Improvements.

48. CEI and SMS accepted or retained the benefit of the Improvements provided by Alman.

49. The reasonable value of the benefit realized and retained by CEI and SMS jointly and severally from Alman's Improvements was $1,945,889.44.

50. CEI and SMS have wrongfully and intentionally failed to compensate Alman for the Improvements, causing damages to Alman of at least $1,945,889.44 plus interest.

51. As a direct result of the refusal of CEI and SMS to pay Alman for its Improvements, CEI and SMS have been unjustly enriched in the amount of at least $1,945,889.44 plus interest.

52. It would be inequitable under these circumstances for CEI and SMS to retain the benefit of Alman's Improvements without paying for the value of the same.

53. Alman is entitled to recover at least $1,945,889.44 plus interest from CEI and SMS.

WHEREFORE, in the alternative to Counts I and II, Plaintiff Alman Industries, LLC respectfully requests that the Court enter judgment in its favor against Supreme Metal Solutions, Inc. and CEI Composite Materials, LLC in the amount of $1,945,889.44, plus interest, costs, and such other relief as the Court may deem just and equitable.

## COUNT IV
### (Quantum Meruit in the Alternative to Counts I, II, and III)

54. In the alternative to Counts I, II and III, and except to the extent inconsistent with the relief requested in this Count, Alman incorporates by reference the allegations of paragraphs 1 through 7 as if fully set forth herein.

55. Alman provided labor, materials and equipment which improved the Project (the "Improvements").

56. CEI and SMS requested that Alman provide the Improvements.

57. The Improvements are not covered by any written contract between the parties, as they were outside the scope of any written contract, there was no agreement on the price for the Improvements, the compensation discussed was too indefinite, and/or there was a misunderstanding as to the price to be paid.

58. CEI and SMS knew that Alman was providing and did provide the Improvements.

59. Alman provided the Improvements to CEI and SMS with the reasonable expectation that CEI and SMS would pay Alman for such Improvements.

60. CEI and SMS knew or reasonably should have known that Alman expected to be compensated for its provision of the Improvements.

61. CEI and SMS accepted and retained the benefit of the labor, materials and equipment provided by Alman.

62. CEI and SMS has wrongfully and intentionally failed or refused to pay Alman for the Improvements.

63. The reasonable value of the Improvements that Alman provided and CEI and SMS received from Alman is $1,945,889.44.

64. Alman is entitled to recover in quantum meruit from CEI and SMS for the reasonable value of labor, materials and equipment Alman provided to the Project for the benefit of CEI and SMS, which benefit CEI and SMS has retained.

65. Alman is entitled to recover in *quantum meruit* from CEI and SMS in the amount of $1,945,889.44 plus interest, which is the reasonable value of Alman's Improvements provided to CEI and SMS.

WHEREFORE, in the alternative to Counts I, II and III, Plaintiff Alman Industries, LLC respectfully requests that the Court enter judgment in its favor against Supreme Metal Solutions, Inc. and CEI Composite Materials, LLC in the amount of $1,945,889.44, plus interest, costs, and such other relief as the Court may deem just and equitable.

Respectfully submitted,

**ALMAN INDUSTRIES, LLC,**

_____/s/_____
W. Alexander Burnett (VSB No. 68000)
Andrew O. Mathews (VSB No. 77038)
WILLIAMS MULLEN
A Professional Corporation
P.O. Box 1320
Richmond, VA 23218-1320
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
aburnett@williamsmullen.com
amathews@williamsmullen.com